No. 757

First Circuit

____

CHARITY HOSPITAL OF LOUISIANA v. FORNEA

____

(March 3, 1931. Opinion and Decree.)

____

Emmet Alpha, of New Orleans, and Ott .& Johnson, of Franklinton, attorneys for plaintiff, appellant.

B. D. Talley, of Bogalusa, attorney for defendant, appellee.

ELLIOTT, J. Charity Hospital of New Orleans acting under the provisions of Act No. 126 of 1924 (Act No. 29 of 1928) alleges that Hubert Warner, an employee

of R. D. Fornea, was cared for and treated in the hospital as a compensation employee, on account of personal injuries received in the service of said Fornea, and sues Fornea and Warner in solido for the sum of $126, alleged to be due the hospital on said account.

Warner did not appear nor make any defense, but Fornea appeared and denied liability.

On the trial of the case the Charity Hospital for the purpose of showing the care and treatment of Warner and liability on the part of Fornea, his employer and of the said Warner, offered in evidence copies of the hospital records, to which Fornea objected on the ground that they had not been properly authenticated, and contained various ex parte statements of fact concerning Warner and his injury, not admissible against Fornea.

The court sustained the objection and refused to admit the copies in evidence against Fornea.

The plaintiff, offering no other evidence, the court rendered judgment rejecting plaintiff's demand. The plaintiff has appealed.

As far as the ruling of the court was concerned, we find that it was correct. The copies in question contain ex parte statements not admissible against him, are not authenticated by the proper official and do not bear the seal of the Charity Hospital.

The plaintiff relies upon section 392 (amending Act No. 27 of 1928) and par. 395 of the Revised Statutes, and Act No. 242 of 1912, as amended, to sustain the offering.

But the Act No. 267 of 1928 taken into account supports the ruling of the lower court.

The showing, however, was such that it is best to give the plaintiff another opportunity to make proper and sufficient proof of its demand in the suit filed and without the necessity of bringing another one.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and the case is remanded to the lower court for a new trial. The plaintiff, Charity Hospital, to pay the cost of the present appeal, the cost in the lower court to abide the final result of the case.